UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMMED ABDULSATTAR
MOHAMMED,

       Plaintiff,                              Case Number 17-11484
                                                    Honorable David M. Lawson
v.                                               Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT**

The plaintiff, a former Iraqi-English translator for the United States Army, filed the present action seeking review of the Commissioner's decision denying his claims for disability benefits and supplemental security income (SSI) under Title II and Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge R. Steven Whalen pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgement to reverse the decision of the Commissioner and remand the case for an award of benefits or for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Whalen filed a report on June 29, 2018 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied,

-1-

and the decision of the Commissioner be affirmed. The plaintiff filed timely objections, and the defendant filed a response. The matter is now before the Court.

The plaintiff, who is now 56 years old, filed his applications for disability and SSI benefits on May 9, 2012, when he was 50. In the applications that are the subject of the present appeal, the plaintiff alleged a disability onset date of November 1, 2010. The plaintiff has been diagnosed with lumbar disc disease, osteoarthritis, diabetes mellitus, and hearing loss in the left ear.

The present case is the second complaint filed by the plaintiff seeking judicial review of the denial of his benefit applications. In the first round, the plaintiff's application for disability benefits was denied initially on August 21, 2012. He timely filed a request for an administrative hearing, and on September 10, 2013, the plaintiff appeared before Administrative Law Judge (ALJ) Ramona L. Fernandez. On October 24, 2013, ALJ Fernandez issued a written decision in which she found that the plaintiff was not disabled. On December 23, 2014, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. The plaintiff then filed a complaint for judicial review, which resulted in a stipulated order to remand the matter for a new hearing and further review, with specific directions to the ALJ to "evaluate medical equivalency at step three consistent with Social Security Ruling 96-6p." *Mohammed v. Commissioner*, No. 15-10596 (E.D. Mich. Nov. 30, 2015).

On remand, the Appeals Council determined that the ALJ's finding that the plaintiff's back impairment did not meet or equal a listed impairment was not supported by an acceptable medical source. After the plaintiff failed to submit to additional consultative examinations on two occasions (upon advice of his attorney), the ALJ located an orthopedic specialist --- Jeffrey

Hansen, M.D. --- who reviewed the medical records and responded to the ALJ's interrogatories. Those responses were in the record when the plaintiff appeared for a second hearing before ALJ Fernandez, which was held on August 11, 2016. On January 27, 2017, the ALJ issued a second decision, again concluding that the plaintiff was not disabled. The plaintiff filed his second complaint for judicial review of the denial of benefits on May 9, 2017.

In the second round, ALJ Fernandez again applied the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520, 416.920. She found that the plaintiff had not engaged in substantial gainful activity since November 1, 2010 (step one); the plaintiff suffered from lumbar disc disease, osteoarthritis, diabetes mellitus, and hearing loss in the left ear, impairments which were "severe" within the meaning of the Social Security Act (step two); none of those impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff was able to perform the duties required for his past relevant work as an interpreter, which the ALJ characterized as skilled in complexity and sedentary in exertional demands (step four). Although discussion of step five was not necessary, the ALJ proceeded to an evaluation of the availability of jobs within the plaintiff's residual ability to perform work, and found that there were significant numbers, also noting that a "not disabled" finding would have been directed when using Medical Vocational Rule 202.21 as a framework for decision.

When determining the plaintiff's residual functional capacity for the purposes of the step four determination, the ALJ concluded that the plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), with the additional limitations that the work must involve only occasional climbing, stooping, kneeling, crouching,

crawling, or balancing; no climbing of ladders, roofs, or scaffolds; no hazards, including moving machinery and work at unprotected heights; and noise levels not to exceed a moderate level. The ALJ also found that the plaintiff must have the opportunity to change position after sitting two hours or standing or walking for 90 minutes, and he could not use foot controls. The ALJ concluded that the plaintiff's duties as an interpreter would not require him to perform any work that would exceed his residual functional capacity, including all of the pertinent limitations. Based on those findings, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

The plaintiff raised five arguments in his motion for summary judgment before the magistrate judge. Two related to Dr. Hansen, that the ALJ violated procedure by not allowing the plaintiff's attorney to cross-examine him at a hearing or submit his own set of interrogatories; and that Dr. Hansen's opinion that the plaintiff's back problems did not rise to a listing level was unsupported and should not have been adopted by the ALJ. The plaintiff also argued that the treating physician's disability opinion was not given proper weight, that the ALJ's RFC determination was flawed because she failed to recognize the plaintiff's English language deficit or his psychological impairment, and that the ALJ's credibility determination was not supported by the record. The magistrate judge rejected each of these arguments in turn.

The plaintiff filed three objections to the magistrate judge's recommendation and report, which plaintiff's counsel refers to as a "proposal." The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. §

636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

One aspect of the Commissioner's response to the objections warrants a comment. The Commissioner criticizes the plaintiff for "re-iterat[ing] . . . argument[s] he raised in his initial brief," and suggests that for that reason alone, the objections should be overruled. The Commissioner recently has been making that argument in nearly every response to a Social Security plaintiff's objections to a magistrate judge's report, regardless of how the objections are fashioned. It certainly doesn't apply here.

To seek a fresh review from a district judge — and to preserve an issue for further review beyond that — a plaintiff challenging a magistrate judge's report and recommendation must make "specific objections to the . . . report," *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006), so that "the district court [has] the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950. Necessarily, the plaintiff likely will need to re-articulate the argument made in his summary judgment motion, assert that the argument still has merit despite the magistrate judge's view of it, and explain why the plaintiff thinks the magistrate judge got it wrong. What courts have criticized in the past is the cut-and-paste approach that consists essentially of re-submitting as objections the same language verbatim filed with the magistrate judge on the summary judgment motion. *See*

*Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 n.1 (E.D. Mich. Mar. 22, 2016); *Owens v. Comm'r of Soc. Sec.*, No. 12-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013). Plaintiffs sometimes do that, but not often, and not here. The Commission should refrain from including that macro in all its responses and assert the argument only in cases in which it actually applies.

**Plaintiff's Objections**

First Objection

In his first objection, the plaintiff argues that the magistrate judge erred when he concluded that the plaintiff was not denied a fair hearing by the refusal of the ALJ to permit cross-examination or submission of additional interrogatories to Dr. Hansen, and the ALJ's failure to rule on the plaintiff's pending objections to including Dr. Hansen's testimony. The plaintiff contends that a full cross-examination of Hansen at the hearing would have revealed the speculative nature of his testimony, and, in any event, the procedure he urged was required by the Commissioner's *Hearings, Appeals and Litigation Law Manual* ("HALLEX"). The plaintiff acknowledges that the HALLEX does not create procedural rights that he can enforce judicially, but he cites cases where the Commissioner's departure from HALLEX-prescribed procedures was found to result in a denial of due process.

The story the plaintiff tells in his summary judgment brief (and his objections), however, is remarkably different from the chronology that the magistrate judge laid out in his report. He explained that the ALJ *twice* --- in letters sent on August 11, 2016 and January 4, 2017 --- gave the plaintiff the opportunity to submit more written questions to Dr. Hansen or ask for an additional

hearing so he could cross-examine him. Both offers were met with silence. Moreover, the plaintiff's request for relief was equivocal in any event. He said he only wanted to ask Dr. Hansen more questions if the ALJ intended to rule against him. But the ALJ had no obligation to preview her decision to the plaintiff before he decided if he should build a better case. As the magistrate judge noted, Dr. Hansen came into the picture only after the plaintiff twice refused to submit to another consultative examination after the remand by the Appeals Council instructed the ALJ to obtain information from an acceptable medical source. Noting that the plaintiff's refusals were at his attorney's advice, the magistrate judge implied that counsel was attempting to game the system. Viewing as well the language of his motion for more access to Dr. Hansen, the Court agrees.

The plaintiff also makes much of the misdirection of the interrogatories to a different physician. But the Court does not see how that matters at all, since it was Dr. Hansen who furnished the response, and the ALJ's fumble was well known and fully behind the parties by the time of the administrative hearing. No prejudice resulted. The first objection will be overruled.

Second Objection

In his second objection, the plaintiff argues that the magistrate judge erred by merely assuming that Dr. Hansen's testimony was consistent with other evidence in the record, without conducting a rigorous review of the record evidence, such as an MRI report which arguably contradicts his findings. The plaintiff contends that the medical evidence actually establishes, contrary to Dr. Hansen's opinion, that his condition meets or equals all of the requirements of Listing 1.04A, which covers spinal disorders such as "herniated nucleus pulposus, spinal

arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, [and] vertebral fracture[], resulting in compromise of a nerve root (including the cauda equina) or the spinal cord." 20 C.F.R. Part 404, Subpart P, Appendix 1 § 1.04. The plaintiff also contends that the magistrate judge improperly endorsed the ALJ's conclusion that the plaintiff's failure to seek aggressive pain management treatment undermined the credibility of his testimony about the extent of his disability due to spinal pain, without taking into account his limited means and other circumstances that prevented him from seeking or obtaining medical care, contrary to SSR 16-3p.

However, iIn this Circuit, to qualify as "disabled" under a Listing in the Secretary's regulations, a claimant must demonstrate that he or she meets *all* of the criteria contained in the Listing. *See Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 855 (6th Cir. 1986). As the magistrate judge noted, the record adequately supports Dr. Hansen's opinion that the plaintiff's condition did not meet Listing 1.04A because, whether or not the examination indicated any nerve root involvement or radicular symptoms, the plaintiff's condition did not meet all of the other requirements of Listing 1.04A since there was no indication of significant lower extremity symptoms, which is an additional requirement to satisfy the listing. Moreover, the ALJ's assessment of the plaintiff's "moderate" treatment history is bolstered by the fact that Dr. Hansen's review included consideration of two MRI scans that showed almost no change in his condition over a span of 15 years.

Third Objection

In his third objection, the plaintiff reiterates his criticism of the ALJ's decision to discount his subjective testimony about the limitations of his capacity due to spinal pain, and insists that the case should be remanded with a directive to the ALJ to comply with SSR 16-3p. But as the Commissioner notes in her response, the plaintiff's third objection is vestigial, unsupported by any developed argument or legal authority, and merely reiterates points advanced in his other two objections, without adding any substantive facts or argument.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [R. 26] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [R. 27] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [R. 18] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [R. 23] is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Date:   September 24, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on September 24, 2018.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI
